**UNITED STATES of America, Plaintiff,**

v.

**Alexander GALANIUK, Defendant,**

**No. 90–CR–80205–DT.**

United States District Court,
E.D. Michigan, S.D.

June 7, 1990.

Susan Murnane, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Deday Larene, Detroit, Mich., for defendant.

### OPINION

GILMORE, District Judge.

This matter is before the Court upon a motion by Defendant for clarification of whether he can offer an "exculpatory no" defense to charges contained in Counts 6 through 17 of an indictment against him brought under 26 U.S.C. § 7207. In the counts, Defendant is charged with submitting false and ficti-

tious invoices to an IRS agent, who was auditing Defendant's returns. There is no judicial authority on point. After careful consideration, the Court has determined that such a defense may not be raised.

The "exculpatory no" doctrine provides, in essence, that:

> ... under certain circumstances, the government may not prosecute an individual for false or fraudulent statements which are made in response to questioning initiated by the Government where a truthful statement would have incriminated the defendant.

*United States v. Steele*, 896 F.2d 998, 1001 (6th Cir.1990). In the *Steele* case, the Sixth Circuit recognized the "exculpatory no" doctrine as a judicially created exception to prosecution under 18 U.S.C. § 1001.

Several other courts have also applied the doctrine to prosecutions under 18 U.S.C. § 1001. *United States v. Cogdell*, 844 F.2d 179 (4th Cir.1988); *United States v. Bush*, 503 F.2d 813 (1974), *rehg. denied*, 511 F.2d 1402 (5th Cir.1975); *United States v. King*, 613 F.2d 670, (7th Cir.1980); *United States v. Medina De Perez*, 799 F.2d 540, (9th Cir.1986); *United States v. Tabor*, 788 F.2d 714, (11th Cir.1986). However, as pointed out above, there is no judicial authority extending the doctrine to prosecutions under 26 U.S.C. § 7207, and the Court therefore writes on a clean slate.

18 U.S.C. § 1001 is an expansive provision, which provides:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

The Supreme Court has explicitly recognized that Congress intentionally drafted this section expansively so that it would be accorded the broadest possible interpreta-

tion. In *United States v. Rodger*, 466 U.S. 475, 481, 104 S.Ct. 1942, 1947, 80 L.Ed.2d 492 the Court said: "There is no indication in either the committee reports or in the congressional debates that the scope of the statute was to be in any way restricted."

In contrast, 26 U.S.C. § 7207 concerns only false returns, statements, or other tax-related documents; it reaches only tax fraud. It provides in pertinent part:

> Any person who willfully delivers or discloses to the Secretary any list, return, account, statement, or other document, known by him to be fraudulent or to be false as to any material matter, shall be fined not more than $10,000 ... or imprisoned not more than 1 year, or both.

In *United States v. Hajecate*, 683 F.2d 894 (5th Cir.1982), the court determined that the "exculpatory no" doctrine precluded a prosecution under 18 U.S.C. § 1001 when the defendant had falsely stated on his tax return that he had no interest in any bank account in any foreign countries. However, the court made clear that the "exculpatory no" doctrine applied only to 18 U.S.C. § 1001, and that the government could pursue prosecution under the applicable provisions of the Internal Revenue Code. The court stated:

> We are quick to assuage the government's fears that this holding sanctions false answers to any tax return question.... [T]his doctrine [exculpatory no] is *only* a creature of section 1001; the government may still prosecute fraudulent tax returns containing this question under the perjury statute of the IRS, 26 U.S.C. § 7206.

*Id.* at 901 (emphasis in original).

■ Similarly, this Court concludes that the "exculpatory no" doctrine must be limited to prosecutions under 18 U.S.C. § 1001. 26 U.S.C. § 7207 is a narrowly drawn statute which in no way has the expansive coverage of 18 U.S.C. § 1001. Because of the broad language of § 1001, the reasoning behind the "exculpatory no" doctrine does not flow over to its use in prosecutions under 26 U.S.C. § 7207. Under 18 U.S.C. § 1001, a logical argument

can be made that the "exculpatory no" defense is necessary to protect the Fifth Amendment rights of Defendant. Such argument is not applicable in this prosecution.

 Even if it were applicable, the doctrine would not apply to the facts before the Court. The "exculpatory no" exception is very limited, and does not apply in every case where a question is asked by a government official during the course of an investigation. The 9th Circuit has established a five-part test that must be satisfied before the exception can be invoked. This test appears to this Court to be reasonable and necessary to invoke such a drastic doctrine. The five-part test, as stated in *United States v. Becker*, 855 F.2d 644, (9th Cir.1988), follows:

> (1) the false statement must be unrelated to a privilege or a claim against the government; (2) the declarant must be responding to inquiries initiated by a federal agency or department; (3) a truthful answer would involve self-incrimination; (4) the government agency's inquiries must not constitute a routine exercise of administrative, as opposed to investigative, responsibility; and (5) the false statement must not impair the basic functions entrusted by law to the agency.

*Id.* at 646.

In the matter before the Court, prongs 4 and 5 of the test cannot be satisfied. Initially, the facts do not indicate that the IRS, or any other agency, was conducting an investigation of tax fraud at the time it requested the documents; courts have generally distinguished between routine audits and audits that are essentially criminal investigations. In *United States v. Cogdell*, 844 F.2d 179, 184 (4th Cir.1988), the court found that, in a prosecution under 18 U.S.C. § 1001, when the IRS had referred a matter to the Secret Service, the agents were "police investigators" and not "administrators." In contrast, in the instant case, the agent was acting in his capacity as an administrator to verify deductions claimed by Defendant on his tax returns.

With reference to the final prong, the IRS is required by law to "make the inquiries, determinations, and assessments of all taxes ... which have not been duly paid ... at the time and in the manner provided by law." 26 U.S.C. § 6201. Here, the Defendant allegedly provided false documentation to the agent who was auditing Defendant's return. False documentation, if in fact given, impaired the agent's ability to determine and assess all taxes not duly paid. Therefore, Defendant cannot satisfy this prong.

For the reasons stated, the Court finds the "exculpatory no" doctrine inapplicable to prosecutions under 26 U.S.C. § 7207. It further finds that, even if the exception were applicable, it would be unavailable in the instant case.

Therefore, the "exculpatory no" doctrine may not be offered as a defense to the charges under Counts 6 to 17 of the indictment.

An appropriate order may be entered.